[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2011
JOHN LEY
CLERK

No. 10-12107
Non-Argument Calendar
_____

Agency No. A094-875-231


CAMILO MACIAS,
NUBIA A. OSORIO,

                                                            Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 17, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Camilo Macias, a native and citizen of Colombia, petitions for review of an order by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT").[1] On appeal, Macias challenges the BIA's determination that he failed to show a nexus between his fear of persecution by the Revolutionary Armed Forces of Colombia ("FARC") and a statutorily protected ground, namely his (imputed) political opinion.[2]

We review the BIA's factual finding that an alien has not established persecution on the basis of a protected ground for substantial evidence. Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007). "To reverse the BIA's fact findings, this Court must find that the record not only supports reversal, but compels it." Id. (citation and alterations omitted).

An alien is entitled to withholding of removal if he can show that his life or freedom would be threatened on account of a statutorily protected ground, including his political opinion or imputed political opinion. Delgado v. U.S. Att'y Gen., 487 F.3d 855, 860-61 (11th Cir. 2007). "To warrant reversal of the BIA's

_____

[1] Macias' wife, Nubia A. Osorio, is a co-petitioner who submitted a derivative application for relief.

[2] By failing to raise the issues in his brief, Macias has abandoned any challenge to the denial of his claim for asylum and CAT relief. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

finding that an alien has failed to demonstrate a sufficient nexus between his political opinion and his alleged persecution, we must be compelled to find that the alien will be persecuted <u>because of</u> his political opinion." <u>Rodriguez Morales</u>, 488 F.3d at 890 (quotation omitted). Thus, the persecution must be due to "the <u>victim's</u> political opinion, not the persecutor's." <u>I.N.S. v. Elias-Zacarias</u>, 502 U.S. 478, 482 (1992).

In this case, Macias and his brother were transporting goods in his brother's truck when they were stopped by three armed men. The armed men threatened to kill Macias and his brother if they did not return the following day with certain food supplies and join the FARC. Macias and his brother did not comply and instead moved to a different town. As a result of this incident and his fear of the FARC, Macias left Colombia the following month.[3]

The record does not compel the conclusion that Macias established a nexus between his fear of persecution and any (imputed) political opinion. Indeed, the record contains no evidence that Macias or his brother held any political opinion at all. Although Macias mentioned in passing that his brother had used the truck

_____

[3] Macias' brother remained in Colombia, where he died the following year. The circumstances surrounding his death are unclear from the record. But even if he was killed by the FARC, as Macias asserts, there is nothing to suggest that the FARC killed him on account of his political opinion. Thus, while the death of Macias' brother is tragic, it ultimately has no bearing on the nexus issue.

to transport people to elections and unspecified political activities, Macias did not testify that the armed men referenced any political opinion held by Macias or his brother. The record instead suggests that the armed men targeted Macias and his brother simply to obtain food and recruit additional members. See Rodriguez Morales, 488 F.3d at 891. And it is well-established that Macias' failure to cooperate with the FARC does not establish the requisite nexus. See Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004). Accordingly, we deny the petition.

**PETITION DENIED.**